UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN FRANCISCO VEGA,

    Plaintiff,

v.                                          Case No: 2:21-cv-514-SPC-NPM

SHAWN DUFFEE, DANIELLE E. KOSKEY, CARROLE DEPASS, ARI DEUTSCH, ROBERT LAMONS, DEBRA COHEN, YEHUDA BRUCK, KATHERINE FERNENDEZ-RUNDLE, AUDREY FRANK-APONTE, ERIKA ISIDRON, GRISKA MENA, MIGNA SANCHEZ-LLORENS, ALBERTO MILIAN, MARLENE FERNANDEZ-KARAVETSOS, KRISTEN KANNER and SHEVAUN HARRIS,

    Defendants.
_____/

**<u>OPINION AND ORDER</u>**[1]

Plaintiff Juan Francisco Vega, a detainee at the Florida Civil Commitment Center (FCCC), filed a *pro se* Complaint under 42 U.S.C. § 1983 (Doc. 1), alleging due process violations. The United States Magistrate Judge

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Nicholas Mizell granted him leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

According to the Complaint, Vega was committed to the FCCC in March 2011, after a Florida court deemed him a sexually violent predator under the Jimmy Ryce Act, Fla. Stat. 394.910-.932. A person committed under the Jimmy Ryce Act is entitled to "have an examination of his or her mental condition once every year or more frequently at the court's discretion." Fla. Stat. 394.918(1). A court then reviews the resulting report and holds a hearing to determine whether there is probable cause to believe it is safe to release the committed person. Fla. Stat. 394.918(3). Vega alleges he did not receive due process in those annual reviews because they did not include adequate "mental health evaluations and risk assessments." (Doc. 1 at 7).

Vega sues (1) the State Attorneys who filed and argued the original petition for commitment, (2) the psychologists who prepared his annual reports, (3) the judges who made the annual probable-cause determinations; (4) his own court-appointed attorneys, and (5) two officials from the Florida Department of Children and Families (DCF). Vega seeks a declaration that his due process rights were violated, an injunction ordering Defendants to

conduct annual mental health evaluations and risk assessments, and $30 million in damages.

Vega cannot sue the judges and prosecutors. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). Prosecutors likewise enjoy absolute immunity from allegations stemming from their function as advocates. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). Vega's allegations against the judges and prosecutors relate entirely to their participation in his commitment and probable-cause hearings. They are thus immune from this action.

Vega's claims against his own attorneys also clearly fail. To state a claim under 42 U.S.C. § 1983, Vega "must allege that a person acting under color of state law deprived him of a federal right." *McIndoo v. Broward Cty.*, 750 F. App'x 816, 819 (11th Cir. 2018). State-appointed attorneys are not state actors for purposes of § 1983. *Id.* at 820 (citing *Vermont v. Brillon*, 556 U.S. 81 (2009)). Vega thus fails to state § 1983 claims against his appointed counsel.

Accordingly, it is now

**ORDERED:**

Plaintiff Juan Francisco Vega's claims against Defendants Robert Lamons, Debra Cohen, Yehuda Bruck, Katherine Fernandez-Rundle, Audrey Frank-Aponte, Erika Isidron, Griska Mena, Migna Sanchez-Llorens, Alberto

Milian, and Marlene Fernandez-Karavetsos are **DISMISSED**. The Clerk is **DIRECTED** to terminate these Defendants as parties to this case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 13, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies: All Parties of Record